

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00028-CR

_____

LAURA ANN MARROQUIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 4934; Honorable Curtis W. Brancheau, Presiding

November 2, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In 2015, pursuant to a plea agreement, Appellant, Laura Ann Marroquin, was convicted of abandoning or endangering a child, a second degree felony.[1] Punishment was assessed at two years confinement, suspended for two years community supervision. The trial court also imposed a $2,000 fine. In 2016, the State moved to

---

[1] TEX. PENAL CODE ANN. § 22.041(e) (West 2019).

revoke Appellant's community supervision for violations of the conditions thereof. Instead, the trial court modified the conditions to add two years to the period of community supervision plus an additional $2,000 fine. After several attempts by the State to revoke Appellant's community supervision in 2018 and 2019, the State filed its third amended motion to revoke in 2020, alleging 147 violations of the conditions of community supervision.[2] Most of the violations involved commission of new offenses and failure to timely report them, use of drugs, failure to report, failure to remain in Ochiltree County, and failure to pay fees.

At a hearing on the State's third amended motion, Appellant entered pleas of not true to all 147 alleged violations. The State presented its evidence and Appellant testified on her own behalf. After the hearing, the trial court took the matter under advisement. During sentencing, the trial court found that Appellant violated some but not all of the allegations presented by the State, revoked her community supervision, and sentenced her to the original term of two years confinement.[3] In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738,

---

[2] The alleged violations are voluminous as itemized by the State. Specifically, on the allegations of failure to pay particular fees and failure to report, the State itemized monthly violations from 2017 to 2019.

[3] The trial court also entered judgment for the unpaid portion of the fines assessed.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a *pro se* response if she desired to do so, and (3) informing her of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

### BACKGROUND

Appellant left four of her minor children home alone while she was out with a friend. In her absence, one of the children was injured when he was bitten by the landlord's dog. A relative took the child to the emergency room for treatment. Appellant was indicted for abandoning or endangering a child and agreed to a plea agreement in exchange for two years community supervision. The conditions of community supervision were explained to her.

---

[5] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

At the hearing on the third amended motion to revoke, the State presented testimony from several witnesses, including law enforcement officers, who confirmed they arrested Appellant in March 2019, for driving while intoxicated. Appellant denied having consumed alcohol but admitted she had earlier consumed methamphetamine and marihuana. She admitted to one of the officers that she had drugs inside her bra. After she was transported to jail and searched by a female officer, drugs were found where she had claimed.

The custodian of business records from the Community Supervision Department testified to Appellant's chronology of violations. She confirmed many violations between 2017 and 2019, as alleged by the State.

Appellant testified in her defense. However, during her testimony, she admitted that some of the violations were true. She acknowledged to concealing methamphetamine inside her bra, possessing drug paraphernalia, and being arrested for fighting. She admitted to leaving Ochiltree County without permission on three occasions and to breaking curfew "all the time."

After hearing the testimony and considering evidence that was admitted without any objections, the trial court found that Appellant had violated some of the allegations presented by the State. Although Appellant asked the court for leniency, she was sentenced to the original term of two years confinement.

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before the court is whether the trial court abused its discretion. *Hacker v. State*, 389

4

S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). If, however, the State meets its burden of proof as to any single violation, that evidence alone is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling, *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979), and "[t]he trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports *one* of the State's allegations that the defendant violated a condition of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

**ANALYSIS**

By the *Anders* brief, counsel evaluates the entire record and candidly concedes there are no meritorious grounds to present on appeal. Counsel assesses whether the trial court abused its discretion in revoking Appellant's community supervision and whether her two-year sentence is grossly disproportionate to the gravity of the offense. In evaluating those concerns, counsel has determined those complaints do not present reversible error.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

**CONCLUSION**

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.